NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0610n.06

No. 11-3306

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jun 13, 2012*

LEONARD GREEN, Clerk

PAPA ADS, LLC,

       Plaintiff-Appellant,

v.

GATEHOUSE MEDIA, INC.;
COPLEY OHIO NEWSPAPERS, INC.,

       Defendants-Appellees.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

_____/

Before:      MARTIN and DAUGHTREY, Circuit Judges, and MALONEY,[*] District Judge.

       BOYCE F. MARTIN, JR., Circuit Judge. Papa Ads, LLC asserts a trademark infringement claim under the federal Lanham Act, 15 U.S.C. § 1125(a), and state law deceptive trade practices under Ohio law, Ohio Rev. Code § 4165.02. On appeal, Papa Ads challenges the district court's grant of Defendants' motion for summary judgment. Papa Ads argues that iShopStark.com—the address of Papa Ads's primary website—is a descriptive mark that has acquired secondary meaning and, thus, is entitled to protection under the Lanham Act. Papa Ads further argues that ShopNStark.com, the website of Defendants Gatehouse Media, Inc. and Copley Ohio Newspapers,

_____

[*]Chief Judge Paul L. Maloney, United States District Judge for the Western District of Michigan, sitting by designation.

Inc., is confusingly similar to Papa Ads's iShopStark.com and therefore infringes on Papa Ads's mark in violation of the Lanham Act.

Because we find that Papa Ads's mark is descriptive and has not become distinctive through secondary meaning, we conclude that it is not entitled to federal or state trademark protection. We **AFFIRM** the judgment of the district court.

I.

The facts of this case have been summarized by the district court. *Papa Ads, LLC v. Gatehouse Media, Inc., et al.*, No. 5:10-CV-203, slip op. (N.D. Ohio Mar. 22, 2011). The relevant facts are noted below.

Papa Ads operates a website business at iShopStark.com. This website launched to the public in July 2007. Papa Ads does not own a federal trademark registration for the website. On June 17, 2009, Gatehouse registered the domain name ShopNStark.com for use by its subsidiary corporation, Copley. Defendants' ShopNStark.com launched to the public in mid-January 2010.

Both websites promote the goods and services of businesses located in Stark County, Ohio, by offering, *inter alia*, product reviews, price comparisons, and coupons. Defendants knew of the existence of iShopStark.com at the time they named their own website, but they allegedly chose their website name because it delivers the message that it offers services for shopping in Stark County.

After discovering the existence of ShopNStark.com, Papa Ads filed suit in federal district court alleging trademark infringement and deceptive trade practices by Defendants in connection with Defendants' operation of ShopNStark.com, an alleged competitor of iShopStark.com. Defendants filed a counterclaim alleging that Papa Ads violated federal trademark laws and Ohio

deceptive trade practices laws in Papa Ads's operation of an additional website, shopinstark.com, which Defendants allege Papa Ads registered in order to redirect online traffic away from Defendants' website. Both parties moved for summary judgment. The district court found that neither parties' website was entitled to federal or state trademark protection because the marks involved are descriptive and have not acquired secondary meaning. The district court granted summary judgment for Defendants on Papa Ads's claims, and for Papa Ads on Defendants' counterclaims.

Papa Ads appeals. On appeal, Papa Ads argues that its website has acquired secondary meaning, it is due protection under the Lanham Act, and Defendants have infringed on Papa Ads's mark.

## II.

"We review de novo a district court's grant of summary judgment." *Regan v. Faurecia Auto. Seating, Inc.*, ___ F.3d ___, No. 11-1356, 2012 WL 1623206, at *3 (6th Cir. 2012). Summary judgment is proper if the materials in the record "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party." *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## III.

"When evaluating a Lanham Act claim for infringement of an unregistered mark, courts must determine whether the mark is protectable, and if so, whether there is a likelihood of confusion as a result of the would-be infringer's use of the mark. Obviously, if the mark is not protectable, our inquiry ends there." *T. Marzetti Co. v. Roskam Baking Co.*, ___ F.3d ___, No. 10-3784, 2012 WL 1889310, at *4 (6th Cir. 2012) (citation and internal quotation marks omitted). We evaluate an Ohio deceptive trade practices claim under the same analysis as that used for Lanham Act claims. *See ETW Corp. v. Jireh Publ'g, Inc.*, 332 F.3d 915, 920 (6th Cir. 2003) ("Because trademark claims under Ohio law follow the same analysis as those under the Lanham Act, our discussion of the federal trademark claims will therefore encompass the state trademark claims as well." (citing *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 754 (6th Cir. 1998))).

We first determine whether the trademark at issue is protected under the Lanham Act. To be protected, a trademark must be distinctive. *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 635 (6th Cir. 2002). A trademark can be inherently distinctive—which the parties here do not argue iShopStark.com is—or it can be distinctive if it has acquired a "secondary meaning." *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 502 F.3d 504, 513 (6th Cir. 2007). A trademark has acquired secondary meaning if "in the minds of the public, the primary significance of a product feature or term is to identify the source of the product rather than the product." *Id.* (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 851 n.11 (1982)) (internal quotation marks omitted). "A geographically descriptive mark that has acquired secondary meaning 'no longer causes the public to associate the goods [at issue] with a particular place but to

associate the goods with a particular source.'" *Id.* (quoting *Burke-Parsons-Bowlby Corp. v. Appalachian Log Homes, Inc.*, 871 F.2d 590, 595 (6th Cir.1989)) (alteration in original).

The parties do not contest the finding that the mark is descriptive and thus Papa Ads bears the "substantial" burden of establishing that its descriptive mark has acquired secondary meaning. *See DeGidio v. West Grp. Corp.*, 355 F.3d 506, 513 (6th Cir. 2004). To determine whether a mark has developed a secondary meaning, this Court evaluates the following seven factors: "1. direct consumer testimony; 2. consumer surveys; 3. exclusivity, length, and manner of use; 4. amount and manner of advertising; 5. amount of sales and number of customers; 6. established place in the market; and 7. proof of intentional copying." *Herman Miller, Inc. v. Palazzetti Imports and Exports, Inc.*, 270 F.3d 298, 311-12 (6th Cir. 2001).

The district court properly applied the law of this Circuit in evaluating the evidence of all seven of these factors, and the court concluded that Papa Ads's mark had not acquired a secondary meaning. After conducting our own review of the evidence, we agree with the district court's conclusions that there are no genuine issues of material fact and no reasonable jury could find that Papa Ads's iShopStark.com mark has become distinctive by acquiring secondary meaning. Even assuming that Defendants intentionally copied Papa Ads's mark, thereby raising a rebuttable presumption of secondary meaning, *see, e.g.*, *Ferrari S.P.A. v. Roberts*, 944 F.2d 1235, 1239 (6th Cir. 1991), Defendants have presented a "logical reason" sufficient to rebut the presumption in that the name ShopNStark.com was intended to describe the location and activity of the website's services. *See id.* ("The evidence of intentional copying shows the strong secondary meaning of the

Ferrari designs because there is no logical reason for the precise copying save an attempt to realize upon a secondary meaning that is in existence." (alteration and internal quotation marks omitted)).

Therefore, we find that Papa Ads has not acquired secondary meaning and is not entitled to protection under the Lanham Act or under Ohio law. We need not address whether there is a likelihood of confusion between the marks because we have concluded that the district court correctly found that this mark is not protectable. *See Marzetti*, 2012 WL 1889310, at *5 ("Because the plaintiff must establish both a protectable mark and a likelihood of confusion in order to prevail in an infringement action, and because we have concluded that the mark in this case is not protectable, we need not address the likelihood of confusion.").

IV.

We therefore **AFFIRM** the district court's judgment.